900 F.2d 251
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Benjamin ERVIN, Jr., Plaintiff-Appellant,
v.
SHERIFF'S DEPARTMENT, Suffolk City Jail; J. Irving Baines;
Charlson Spivey; Landi Faulk; Sergeant Johnson;
Deputy Smith, Defendants-Appellees.
 No. 89-6887.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 5, 1990.
Decided March 16, 1990.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, District Judge. (C/A No. 89-694-AM).
 Benjamin Ervin, Jr., appellant pro se.
 E.D.Va.
 VACATED AND REMANDED.
 Before ERVIN, Chief Judge, and PHILLIPS and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Benjamin Ervin, Jr., a Virginia prisoner, brought this 42 U.S.C. Sec. 1983 action challenging prison conditions and policies. The district court assessed a filing fee of $16.80, which equalled 15% of Ervin's deposits into his prison account during the six months preceding the action. See Evans v. Croom, 650 F.2d 521 (4th Cir.1981), cert. denied, 454 U.S. 1153 (1982).
 
 
 2
 Ervin attempted to have a check sent to the court from his prison account to pay the assessed filing fee before the time for payment had expired. However, because of an error in the prison accounting department, the check was not sent. The district court dismissed Ervin's action without prejudice for failure to pay the fee.
 
 
 3
 Ervin explained in his notice of appeal the reason his payment was delayed and requested additional time to comply with the district court's order. The explanation offered by Ervin could have been construed as a motion for reconsideration under Fed.R.Civ.P. 60(b).
 
 
 4
 Because Ervin attempted to pay the filing fee within the time prescribed by the district court, and because the statute of limitations would bar refiling of Ervin's Sec. 1983 action, we vacate the district court's order and remand the action for further proceedings. We grant leave to proceed in forma pauperis on appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 VACATED AND REMANDED